Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000384
21-DEC-2015
09:16 AM

NO. CAAP-14-0000384

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DANNETTE GODINES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH/SOUTH HILO DIVISION
(CASE NO. 3DTC-13-000064)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Defendant-Appellant Dannette Godines (Godines) appeals from the Notice of Entry of Judgment and/or Order, filed on December 27, 2013 in the District Court of the Third Circuit, North/South Hilo Division (district court).[1]

Godines was found to have violated Hawaii Revised Statutes (HRS) § 431:10C-104 (2005)[2], No Motor Vehicle Insurance.

_____

[1] The Honorable Barbara T. Takase presided.

[2] HRS §431:10C-104 provides in pertinent part:

§431:10C-104 Conditions of operation and registration of motor vehicles. (a) Except as provided in section 431:10C-105, no person shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a motor vehicle insurance policy.

(b) Every owner of a motor vehicle used or operated at

On appeal, Godines states her point of error as follows:[3]

> [T]he trial Court committed reversible error when they [sic] tried Appellant as a criminal defendant under [Hawai'i Rules of Penal Procedure] and [Hawaii Rules of Evidence], sending her directly to trial de novo, yet without counsel, while the prosecutor maintained an active presence throughout the entirety of the proceedings. The trial Court did so in direct opposition to HRS § 291D-8 and the governing [Hawaii Civil Traffic Rules].

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Godines's point of error as follows.

Our "foremost obligation when interpreting a statute is to ascertain and give effect to the intention of the legislature, which is obtained primarily from the language contained in the statute itself." State v. Lee, 90 Hawai'i 130, 138, 976 P.2d 444, 452 (1999) (quoting State v. Bautista, 86 Hawai'i 207, 209,

---

> any time upon any public street, road, or highway of this State shall obtain a motor vehicle insurance policy upon such vehicle which provides the coverage required by this article and shall maintain the motor vehicle insurance policy at all times for the entire motor vehicle registration period.
>
> (c) Any person who violates the provisions of this section shall be subject to the provisions of section 431:10C-117(a).

[3] Godines's opening brief in this case does not comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28 in various ways, including failure to provide record cites and to indicate where she preserved her point of error for appeal. HRAP Rule 28(b). However, "this court has consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible." Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (citation and quotation marks omitted). Thus, we will address Godines's point of error to the extent discernible and preserved below.

In the argument section of her opening brief, Godines appears to contend that various motions were improperly denied by the district court throughout the underlying proceedings. Godines fails to comply with HRAP Rule 28 in presenting these arguments. Godines also fails to present a discernible argument that this court can address. These issues are thus waived.

We further note that Plaintiff-Appellee State of Hawai'i's answering brief is unhelpful in addressing the merits of Godines's asserted point of error.

948 P.2d 1048, 1050 (1997)) (quotation marks and brackets omitted).

Godines's argument that her alleged offense should have been handled pursuant to HRS Chapter 291D is incorrect. Any person who violates the provisions of HRS § 431:10C-104 is subject to the penalties in HRS § 431:10C-117(a) (2005 and Supp. 2015). HRS § 431:10C-104(c). HRS § 431:10C-117 provides in pertinent part:

> **§431:10C-117 Penalties.**
> (a)(1) Any person subject to this article in the capacity of the operator, owner, or registrant of a motor vehicle operated in this State, or registered in this State, who violates any applicable provision of this article, shall be subject to citation for the violation by any county police department in a form and manner approved by the traffic violations bureau of the district court of the first circuit;
>
> (2) Notwithstanding any provision of the Hawaii Penal Code:
>
> (A) Each violation shall be deemed a separate offense and shall be subject to a fine of not less than $100 nor more than $5,000 which shall not be suspended except as provided in subparagraph (B); and
>
> (B) If the person is convicted of not having had a motor vehicle insurance policy in effect at the time the citation was issued, the fine shall be $500 for the first offense and a minimum of $1,500 for each subsequent offense that occurs within a five-year period from any prior offense; provided that the judge:
>
> (i) Shall have the discretion to suspend all or any portion of the fine if the defendant provides proof of having a current motor vehicle insurance policy; provided further that upon the defendant's request, the judge may grant community service in lieu of the fine, of not less than seventy-five hours and not more than one hundred hours for the first offense, and not less than two hundred hours nor more than two hundred seventy-five hours for the second offense; and
>
> (ii) May grant community service in lieu of the fine for subsequent offenses at the judge's discretion;

3

. . . .

> (6) Any violation as provided in subsection (a)(2)(B) shall not be deemed to be a traffic infraction as defined by chapter 291D.

(Emphasis added.)  Godines was charged with operating a motor vehicle without proper insurance as a first offense and was thus subject to the penalties under HRS § 431:10C-117(a)(2)(B) as a first-time offender.  HRS § 431:10C-117(a)(6) provides that "[a]ny violation as provided in subsection (a)(2)(B) shall not be deemed to be a traffic infraction as defined by chapter 291D." Therefore, Godines's violation is not a traffic infraction within HRS Chapter 291D.

Failure to comply with HRS § 431:10C-104 is a violation.  See HRS § 701-107(5) (2014).  "HRS § 431:10C-104[] . . . [is] penal in nature. . . . And although a violation does not constitute a crime, it constitutes a penal offense[.]" State v. French, 77 Hawaiʻi 222, 229-30, 883 P.2d 644, 651-52 (App. 1994) (citations and quotation marks omitted).  The district court did not err in the procedure it utilized.

Godines also appears to contend that, if the trial court properly addressed her case outside of Chapter 291D, she was entitled to appointed counsel during her trial.[4]  "Under Hawaiʻi law, . . . an indigent defendant's right to appointed counsel is determined not by whether imprisonment is actually imposed, but by whether the offense which the defendant is charged with violating is punishable by a term of imprisonment." State v. Dowler, 80 Hawaiʻi 246, 249, 909 P.2d 574, 577 (App. 1995).  Godines was not subject to imprisonment for her first violation of HRS § 431:10C-104.  Thus, she was not entitled to appointed counsel.

Therefore,

---

[4]  Godines does not otherwise assert that she requested, and was denied, the opportunity to be represented by counsel.

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, filed on December 27, 2013 in the District Court of the Third Circuit, North/South Hilo Division is affirmed.

DATED: Honolulu, Hawai'i, December 21, 2015.

On the briefs:

Dannette Godines,
Defendant-Appellant, pro se

Ryan K. Caday,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

5